BEFORE THE SECOND DIVISION, JUNE 19, 1943

No. 48406.—Protest 92640–K of Strauss Bros. & Co. (New York).

TILSON, Judge: This suit against the United States presents for determination the question of the proper classification of certain merchandise upon which duty was levied at 90 percent ad valorem under paragraph 1529 of the act of 1930, as appliqued articles. The plaintiff claims the same to be properly dutiable at only 40 percent ad valorem under paragraph 923 of the same act, as manufactures, wholly or in chief value of cotton, not specially provided for.

At the trial of the case a sample of the imported merchandise was admitted in evidence and properly marked. The merchandise is a pincushion made to resemble a tomato, both as to shape and color. To the portion of the article where the stem would naturally be is attached, by means of a thread, that which might be described as a starlike figure having six points. This figure has been cut from material of a different color to that found in the pincushion proper and is attached thereto by only a thread which passes through the center portion of the figure and into the body of the pincushion proper. Other than this one

thread there is nothing which in any manner attaches the starlike figure to the pincushion.

There is also attached to the pincushion, by means of a thread, a conical-shaped bag which appears to be filled with sand or some abrasive substance. The thread which attaches the conical-shaped bag to the pincushion is approximately 2 inches in length. Attached to the large end of the conical-shaped bag is what might be described as a leaf having four points. This leaflike figure is attached to the conical-shaped bag by a thread which passes through the center thereof and into the conical-shaped bag. Except as heretofore stated there is nothing which applies or attaches these figures to the pincushion and the conical-shaped bag.

At the trial counsel for the plaintiff offered to stipulate that the leaves attached to the body of the article, and to the conical part of the articles were regarded by the collector as the applique portions, to which counsel for the defendant responded that there is nothing else on it that possibly could be applique. Counsel stipulated that the merchandise is in chief value of cotton, having a staple of less than 1⅛ inches in length.

From an examination and consideration of the sample before us it is clear that there is nothing connected with the merchandise which answers to any of the definitions of applique as given by the lexicographers or as judicially defined by the courts. We must therefore hold that the pincushions in question are not appliqued, as classified by the collector.

We therefore hold all the merchandise on the invoice covered by this suit which was assessed with duty at 90 percent under paragraph 1529 to be properly dutiable at only 40 percent ad valorem under paragraph 923 of the act of 1930, as claimed by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.

LAWRENCE, J., did not participate in this decision.